Daniel M. O'Leary, Esq. (CA SBN: 175128)
Law Office of Daniel M. O'Leary
2300 Westwood Blvd., Suite 105
Los Angeles, CA 90064
Tel.: (310) 481-2020
Email: dan@danolearylaw.com

Justin Sterling, Esq. (SBN: 290642)
The Sterling Firm, APLC
8605 Santa Monica Boulevard, #96543
Los Angeles, CA 90069
Tel.: (310) 498-2750
Fax: (310) 362-8608
Email: justin@thesterlingfirm.com

*Attorneys for Plaintiff Brooke Clendenen*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BROOKE CLENDENEN, an individual,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; VISTA RECREATION, a business entity;<br>Defendants. | ) | CASE NO.: 2:25-cv-03109-DC-CSK<br><br>AFFIDAVIT OF JUSTIN STERLING, ESQ. IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER TO REOPEN CASE PURSUANT TO RULE 60(b) AND FOR AN ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2) |

I, Justin Sterling, Esq., declares as follows:

I am an attorney duly licensed to practice before this Court and all Courts in the State of California, and I am the attorney of record for Plaintiff, Brooke Clendenen, in this subject litigation. I have personal knowledge of the matter set forth herein and if called upon and sworn as a witness I could and would competently testify as follows:

1. Pursuant to this Court's Standing Order, an order to reopen and set aside the dismissal to

obtain another dismissal pursuant to Rule 41(a)(2) is needed in this case so that the "Two Dismissal Rule" does not apply to Plaintiff's claims and to avoid an injustice to the Plaintiff; and counsel could not obtain a stipulation from the other side despite its good faith efforts to confer with the opposing defense counsel on the issue. Further, as a result, such a request cannot be noticed on the court's regular motion calendar as provided by Local Rule 230 as dispositive motions are already on the Court's calendar for April 2, 2026 in case number case number 2:25-cv-03655-JDP.

2. An Order To Reopen Case Pursuant To Rule 60(B) And Motion For Order Of Dismissal Pursuant To Rule 41(a)(2) is needed in this case because the Defendants have filed dispositive motions in the matter with case number 2:25-cv-03655-JDP on the basis that this Court's order of dismissal pursuant to Rule 41(a)(1)(A)(i) serves as res judicata of Plaintiff's claims pursuant to Rule 41(a)(1)(B) and the so-called "Two Dismissal Rule."

3. When I filed the voluntary dismissal *without prejudice* on this action with case number 2:25-cv-03109-DC-CSK, I truly believed that it would in fact be *without prejudice*. However, according to Defendants' motion to dismiss filed in Case Number 2:25-cv-03655-JDP the voluntary dismissal without prejudice is actually serving to be prejudicial to the Plaintiff.

4. An order of dismissal without prejudice by this court pursuant to Rule 41(a)(2) would not qualify for the "Two Dismissal Rule" and make Defendants' dispositive motions moot. If the dismissal continues to qualify for the "Two Dismissal Rule" the Plaintiff's claims would be disposed of and there would be an injustice to the Plaintiff because her claims would not be tried on the merits.

5. Counsel could not obtain a stipulation from the other side despite its good faith efforts to confer with the opposing defense counsel on the issue. Further, as a result, such a request cannot be noticed on the court's regular motion calendar as provided by Local Rule 230 as the dispositive motions are already on the Court's calendar for April 2, 2026.

6. This cases arises out of an incident that occurred on or about December 2, 2024, in which Plaintiff Mrs. Clendenen was lawfully on the premises controlled, owned, and/or operated by

Defendants United States of America and Vista Recreations when, as a proximate result of the dangerous condition consisting of slippery material and/or ice on the walkway and due to the negligence of said Defendants, and each of them, the dangerous condition caused Plaintiff Mrs. Clendenen to fall, proximately causing the severe injuries and damages to Mrs. Clendenen, including but not limited to multiple fractures requiring surgical operation and hardware implantation in her body.

7. On or about May 8, 2025, I presented to the US Forest Service and United States Department Of Agriculture a written claim for injuries, losses, and damages incurred by Plaintiff by reason of the Defendants as referenced herein this Complaint, all in compliance with the requirements 18 U.S.C. § 2401(b). A true and correct copy of Plaintiff's claims are attached hereto as **Exhibit A**.

8. On May 15, 2025, Mr. Santiago Flores, for Mr. John Getchell, Branch Chief, Claims/Claims Officer, acknowledged receipt of the notice submitted on behalf of the United States of America by and through its agencies, the United States Department of Agriculture (U.S.D.A.) and the US Forest Service. A true and correct copy of acknowledgements are attached hereto as **Exhibit B**.

9. On October 13, 2025, I filed a complaint on Plaintiff's behalf, against the United States and Vista Recreation. That case was given Eastern District case number 2:25-cv-02971-DAD-CSK. At the time I filed this case, I believed that the United States Department of Agriculture had rejected Plaintiff's claim by operation of law and was under the mistaken belief that more than six (6) months elapsed after presentment, on and after October 8, 2025, which in fact was not yet the required 6 months after May 8, 2025. I proceeded under this mistaken belief in concluding that the USDA did not issue a timely written final denial of the claim by certified or registered mail and accordingly, based upon this mistaken belief, I believed that Plaintiff had exhausted administrative remedies under 28 U.S.C. § 2675(a), and therefore, pursuant to the mistaken belief, I caused the first Complaint to be filed on October 13, 2025 with Case Number 2:25-cv-02971-DAD-CSK.

10. Thereafter, I received another letter from the USDA dated October 23, 2025, in which the USDA "formally" denied Plaintiff's claim. A true and correct copy of acknowledgements are attached hereto as **<u>Exhibit C</u>**. I then realized the mistake, and thereafter filed a notice of dismissal in order to re-filed a second Complaint with Case Number 2:25-cv-03109-DC-CSK. The Court issued a minute order without a hearing in which stated:

> "On 10/27/2025, plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Pursuant to plaintiff's notice, this action is DISMISSED without prejudice."

11. Accordingly, pursuant to 18 U.S.C. § 2401(b), I believed that Plaintiff was authorized to file the second Complaint with case number 2:25-cv-03109-DC-CSK pursuant to 28 U.S.C. § 2675. Among other things, the letter attached as **<u>Exhibit C</u>** indicated it was a final denial of the tort claim.

12. Thus, on October 27, 2025, I re-filed Plaintiff's case, which is this case, EDCA case number 2:25−CV−03109−DC−CSK.

13. Thereafter, I received yet another letter from the USDA dated December 2, 2025.

14. The USDA again "formally" denied Plaintiff's claim. A true and correct copy of the correspondence is attached hereto as **<u>Exhibit D</u>**.

15. My Associate Co-Counsel called the attorney for the United States of America to discuss the last denial letter by the USDA and my Co-Counsel was informed that the US Attorney "did not know why the USDA sent the letter."

16. After attempts to meet and confer on the issues and in order to avoid any argument for lack of subject matter jurisdiction and to preserve Plaintiff's legal rights, I again filed a notice of dismissal for the second filed Complaint with Case Number 2:25-cv-03109-DC-CS in order to again re-file. The Court again issued a minute order without a hearing in which stated:

> "On 12/18/2025, Plaintiff filed a Notice of Voluntary Dismissal of this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Pursuant to that Notice, this action is DISMISSED without prejudice."

17. On December 18, 2025, I filed the third Complaint in the matter with Case Number 2:25-cv-03655-JDP.

18. The allegation in each re-filed complaint makes clear the reason for the refiling of the complaints was for jurisdictional issues. The controlling complaint in the action with case number 2:25-cv-03655-JDP states:

> "In order to avoid any argument regarding subject matter jurisdiction and acting again pursuant to 18 U.S.C. § 2401(b), Plaintiff's counsel is re-filing the instant Complaint in accordance with 28 U.S.C. § 2675. Accordingly, to avoid any argument regarding subject matter jurisdiction and acting again pursuant to 18 U.S.C. § 2401(b), Plaintiff's counsel is re-filing the instant Complaint in accordance with 28 U.S.C. § 2675."
>
> See Paragraph 21 of Plaintiff's Complaint for Damages, Document 1 on the Docket for Case Number 2:25-cv-03655-JDP.

19. I believed the dismissals in the two prior complaints were being made due to lack of jurisdiction and therefore were not subject to the "Two Dismissal Rule." The complaints indicate that the dismissals were being made to preserve subject matter jurisdiction.

20. I am filing an Ex Parte Application pursuant Rule 60(b)(1) to reopen the last dismissed case and to request a court ordered dismissal per Rule 41(a)(2) while requesting a stay on the current case pending before this Court pending a court order from the court on Case Number 2:25-cv-03109-DC-CS. Please see **Exhibit E,** a true and correct copy of the Ex Parte Application to Reopen Case pursuant to Rule 60(b) and for an Order of Dismissal Without Prejudice pursuant to Rule 41(a)(2) filed on Case Number 2:25-cv-03109-DC-CS.

21. I am also seeking an emergency stay on the matter with Case Number 2:25-cv-03655-JDP so that the Federal Tort Claim Act (FTCA) six month filing deadline is preserved and so that justice may be served. The current filing of the complaint on Case Number 2:25-cv-03655-JDP protects the timeliness and the stay is just procedural.

22. A court ordered dismissal without prejudice per Rule 41(a)(2) on this dismissed action with Case number 2:25-cv-03109-DC-CSK would thereby make Defendants' Motions to Dismiss on Case Number 2:25-cv-03655-JDP moot.

23. Plaintiff's claims should be tried on its merits so that justice is served.

DATED: March 1, 2026

**THE STERLING FIRM**

By: Justin Sterling
Justin Sterling, Esq.
Attorney for Plaintiff

# EXHIBIT A

11604813.1.1-

**USPS CERTIFIED MAIL**

9214 8901 4298 0418 3093 07

***CERTIFIED MAIL***

THE STERLING FIRM
8605 Santa Monica Boulevard
#96543
West Hollywood CA 90069

1000000000000001
Forest Service
U.S. Department of Agriculture
1400 Independence Ave., S.W.
Washington DC 20250
USA

Proof

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

Forest Service
U.S. Department of Agriculture

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**

Brooke Clendenen, 330 N Kenwood St Apt A Burbank CA 91505

Justin Sterling, Esq.; The Sterling Firm, 8605 Santa Monica Boulevard, #96543, West Hollywood, CA 90069

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 11/30/1994 | Married | on or about Monday, December 2, 2024 | Approximately 9:40am |

**8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).**

On December 2, 2024, Defendants Forest Service, U.S Department of Agriculture, its agents, representatives, and/or contractors so negligently and carelessly owned, operated, maintained, serviced, inspected and otherwise controlled the premises so that a dangerous condition was permitted to exist on said premises which caused Claimant Brooke Crendenen to sustain physical injuries.

Defendants designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the property involved in this incident, all or part of the incident site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective and/or dangerous manner, which were used in a foreseeable manner involving unreasonable danger and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Claimant Brooke Crendenen.

Mrs. Brooke Crendenen was lawfully on the premises known as Inspiration Point. While walking at the premises as a reasonable person, she slipped and fell on substance on the walkway which was maintained in a dangerous condition, resulting in severe personal injuries.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/a

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injuries include but is not limited to: distal radial fracture and Ulnar styloid fracture, requiring surgical hardware implantation

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Claimant's husband, Mr. Riley Chandler | 330 N Kenwood St Apt A Burbank CA 91505 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/a | $5,000,000.00 | N/a | $5,000,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (661) 305-5520 | 5/8/2025 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

11604813.1.2-

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/a

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

The Sterling Firm
A PROFESSIONAL LAW CORPORATION

THE STERLING FIRM
8605 SANTA MONICA BOULEVARD, #96543
WEST HOLLYWOOD, CA 90069
TELEPHONE: (310) 498-2750 • FAX: (310) 362-8608 • EMAIL: JUSTIN@THESTERLINGFIRM.COM

\
May 8, 2025

**VIA CERTIFIED MAIL WITH TRACKING, SIGNATURE RECEIPT REQUESTED**

| | | | |
|---|---|---|---|
| Office of the General Counsel<br>DC Main Office<br>Room 107W, Whitten Building<br>1400 Independence Ave, SW.<br>Washington, D.C. 20250-1400 | Office of the General Counsel<br>Pacific Region:<br>San Francisco, California Regional Office<br>630 Sansome Street<br>Suite 1040<br>San Francisco, California 94111<br>Phone: 415-744-3011 | OPM (Office of Personnel Management)<br>FOIA Requester Service Center, Room 5H35<br>1900 E Street NW<br>Washington, DC 20415-7900<br>Email:<br>foia@opm.gov<br>camille.aponte-rossini@opm.gov | Forest Service<br>U.S. Department of Agriculture<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br>feedback@usda.gov |
| RD Business Center, Enterprise Office, Records and Information Management Division, Information Management Branch<br>Email to the Agency Tort Contact at<br>RD.FOIA@usda.gov | USDA Forest Service<br>Albuquerque Service Center<br>ATTN: Claims Branch<br>101B Sun Avenue NE<br>Albuquerque, NM 87109 | USDA, Office of the General Counsel<br>14th and Independence Avenue, S.W.<br>ATTN: General Law and Research Division<br>Room 3311-S<br>Washington, DC 20250-1400 | Lake Tahoe Basin Management Unit<br>Supervisor's Office<br>35 College Drive<br>South Lake Tahoe, CA 96150<br>530-543-2600 |

**RE: NOTICE OF REPRESENTATION**
**NOTICE OF CLAIM PURSUANT TO THE FEDERAL TORT CLAIMS ACT**
**STANDARD FORM 95**
**REQUEST TO PRESERVE AND PRODUCE MATERIALS - FREEDOM OF INFORMATION ACT (FOIA)**

**Our Client:** **Brooke Clendenen**
**Date of Loss:** **on or about December 2, 2024**
**Location of Loss:** **at or around Inspiration Point (Emerald Bay), South Lake Tahoe, CA 96150**

**Dear Sir or Madam and all Decision-Makers:**

This letter shall serve as notice of legal representation of our above-referenced client by this law office. This letter shall also serve as a representation of the damages sustained by our client/claimant and a request for equitable resolution therefrom, in connection with, and arising from, the matter referenced herein. This shall also serve as Notice of Claim pursuant to the Federal Tort Claims Act.

Our client was severely emotionally and physically harmed due to the Defendant's negligent and harmful actions towards our client. Please direct any and all further communication regarding our client to our attention. Should you or any of your representatives approach our client directly about her claims, our client has been instructed not to respond. This letter shall serve as a claim notice and is also our attempt to amicably resolve this matter in good faith.

**BACKGROUND INFORMATION AND DESCRIPTION OF INCIDENT:**

On or about December 2, 2024, Defendants Forest Service, U.S. Department of Agriculture, its agents, representatives, and/or contractors so negligently and carelessly owned, operated, maintained, serviced, inspected and otherwise controlled the premises so that a dangerous condition was permitted to exist on said premises which caused Claimant Brooke Clendenen to sustain physical injuries.

Defendants designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the property involved in this incident, all or part of the incident site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective and/or dangerous manner, which were used in a foreseeable manner involving unreasonable danger and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Claimant Brooke Clendenen.

Mrs. Brooke Clendenen was lawfully on the premises known as Inspiration Point. While walking at the premises as a reasonable person, she slipped and fell on a substance that was on the walkway which was maintained in a dangerous condition, resulting in severe personal injuries.

On or about December 2, 2024, Claimant Mrs. Brooke Clendenen was lawfully on the premises when, as a proximate result of the dangerous condition consisting of slippery material and/or ice on the walkway and due to the negligence of said Defendants, and each of them, the dangerous condition caused Mrs. Clendenen to fall, proximately causing the severe injuries and damages to Mrs. Clendenen, consisting of multiple fractures requiring surgical operation to her body, including but not limited to fractures to the left distal radius and ulna.





**FEDERAL TORT CLAIM NOTICE**

This correspondence shall serve as a claim notice in compliance with all laws and codes. This notice adheres to the requirements of the Federal Tort Claims Act (FTCA). The FTCA (28 U.S.C. 1346, 2401, 2671-2680) provides administrative and judicial remedies to those who suffer personal injury, death, or property damage as a result of the negligence or other wrongful act of employees of the United States Government acting within the scope of their employment. Generally, the United States is liable in accordance with the law of the place where the act or omission occurred in the same manner and to the same extent as a private person under like circumstances. No suit may be brought until after the claim has been presented administratively to the agency and it is denied, or six months have elapsed from the date of presentation without a final determination. Administrative claims must be presented within 2 years of the date of injury or loss or they are forever time-barred. Claims for loss must be presented by the party who incurs the loss or that party's representative. A claim for personal injury may be presented by the injured person, an authorized agent, or a legal representative. A tort claim against the government is deemed presented when a Federal agency receives from a claimant or the claimant's authorized agent or legal representative an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for damages in a specified amount for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident (28 CFR 14.2). Please see the enclosed **Standard Form 95**, which complies with the regulations at 28 CFR 14.2 which requires (1) proper execution of the claim (that is, the date and claimant's signature; a facsimile signature is legally acceptable (Comp. Gen. B-235749.1, June 8, 1989)); (2) proper notification of the claim (that is, a description of the incident in sufficient detail to allow the agency to identify and investigate it); and (3) specification of the total amount claimed (that is, the exact dollar amount the claimant would accept in full settlement of the claim). All these elements are included in the enclosed Standard

Form 95, and therefore the claim has been properly presented to the relevant agenc(ies). Because all these elements are present, the claim has been properly presented and must be adjudicated within 6 months, if possible, regardless of whether any additional supporting documentation is submitted.

**LIABILITY**

Prior to December 2, 2024, an employee or employees of, or agent or agents of, Defendants, and each of them, negligently designed, built, constructed, repaired, inspected, and/or maintained the premises in a dangerous condition in that the walkway had uneven height, slope, elevation, vertical displacement, and/or the selection and/or placement of the materials making up the walkway was dangerous, all of which exceeded reasonable design guidelines and practices.

Prior to December 2, 2024, Defendants, and each of them, had actual knowledge of the existence of the premises and knew of its dangerous character and condition described herein.

Prior to December 2, 2024, Defendants, and each of them, had constructive notice of the existence of the herein described condition in that the condition existed for a sufficient period and was of such a nature to said Defendants, and each of them, in the exercise of due care, said Defendants should have discovered the condition and its dangerous character prior to the subject incident. Defendants, and each of them, had the authority and it was said Defendants' responsibility to inspect the premises or to see that inspections were made to determine whether the premises constituted a dangerous condition and to take adequate measures to protect against such dangerous conditions at the expense of said Defendants, and each of them, and the funds and other means for doing so were immediately available to said Defendants, including but not limited to provide warning of the dangerous condition.

Defendants, and each of them, failed to adequately design, build, construct, repair, inspect, warn, and/or maintain the premises in accordance with reasonable guidelines and/or failed to warn and/or remedy the dangerous condition as described herein.

The negligence of Defendants, and each of them, caused a dangerous condition which created a substantial and reasonably foreseeable risk of the type of injury hereinafter alleged when the premises was used by Plaintiff with due care in a manner in which it was reasonably foreseeable that the premises would be used.

On or about December 2, 2024, the premises were being used by Plaintiff with due care in a manner in which it was reasonably foreseeable that the premises would be used.

At the time and place of the subject incident, there were in effect standards, regulations, specifications, guidelines, practices, and/or requirements for such walkways. Prior to December 2, 2024, said Defendants, and each of them, violated the effective standards, regulations, specifications, guidelines, requirements, and/or practices by failing to design, build, construct, maintain, warn, remedy, and/or fix the premises in accordance with the applicable standards. The applicable standards, regulations, specifications, guidelines, requirements, and/or practices were enacted to prevent the herein described dangerous condition. Plaintiff was at the time of the subject incident and is within the class of people the applicable standards, regulations, specifications, guidelines, requirements, and/or practices were intended to protect. The standards, regulations, specifications, guidelines, requirements, and/or practices exist to ensure the safety of all foreseeable people lawfully using the walkway.

Plaintiff is informed and believes, and thereupon alleges that Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED STATES DEPARTMENT OF AGRICULTURE, and the FOREST SERVICE, inclusive, and each of them had a duty to take reasonable precautions to ensure the safe maintenance and management of the walkway at the subject location, to provide a reasonably safe walkway for visitors and pedestrians, and to prevent and/or minimize the risk of pedestrian slipping hazards at the subject location.

Plaintiff is further informed and believes and thereupon alleges that said Defendants had undertaken to provide maintenance and/or management for the subject location, and to provide a safe environment for pedestrians to traverse, including Plaintiff, to and from the walkway when permitted, and thus had a duty to provide for the protection from unreasonable dangers and provide a safe premises for pedestrians to traverse, including Plaintiff, on their way to and from the walkway as a reasonable person.

Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, said Defendants, inclusive, and each of them, as well as their agents, employees and/or contractors inspected, designed, maintained, allowed, permitted, regulated, constructed, supervised, operated, and/or were otherwise responsible for conducting, regulating and maintaining safety at or near the scene of the subject incident, and for conducting, regulating, and maintaining the safe walkway for pedestrians to traverse.

Plaintiff is informed and believes and thereupon alleges that Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED DEPARTMENT OF AGRICULTURE and the FOREST SERVICE, inclusive, and their employees, agents, servants and/or contractors breached their duty of care by negligently, carelessly, recklessly, or in some other actionable manner maintaining the subject location and/or causing it to be repaired and/or maintained in such a manner which created a foreseeable risk of harm and injury as complained of herein. Said negligent, careless, and reckless conduct was a cause of the subject incident and consequential injuries and damages to Plaintiff.

Plaintiff is informed and believes and thereupon alleges that such negligent, careless, and/or reckless conduct includes, but is not limited to: negligently, carelessly, and/or recklessly maintaining the subject location; failing to inspect, use, and/or activate warning signs; failing to follow proper procedures; negligently hiring, supervising, training, and/or controlling employees, agents, servants, and/or contractors; negligently entrusting the maintenance of the subject location; failing to properly control, supervise, maintain, inspect, and/or repair the subject location so as to cause a foreseeable dangerous condition to exist capable of producing the nature and extent of injuries as complained of herein; causing and/or contributing to the existence of a concealed trap and dangerous condition at the subject location; failing to take reasonable precautions to ensure the safe maintenance of the subject location; failing to prevent and minimize the risk of pedestrian injuries at the subject location; failing to supervise, operation, and/or provide for the protection of pedestrians, including Plaintiff, on their way to and from the walkway; failing to provide a reasonably safe walkway; and failing to exercise reasonable care under the circumstances.

Plaintiff is informed and believes, and thereupon alleges, that as a result of the above described conduct, said Defendants, inclusive, and each of them, breached their duty to act in a reasonable manner.

Plaintiff is informed and believes and thereupon alleges that as a result of the conduct described herein, Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED STATES DEPARTMENT OF AGRICULTURE, and the FOREST SERVICE, inclusive, and their employees, agents, servants, and/or contractors breached their duty of care to Plaintiff.

**ADDITIONAL CLAIMS**
In addition to the causes of action stated, we also reserve the right to pursue all related applicable state and federal law claims.

**DAMAGES**
Due to our client's injuries, our client was forced to undergo trauma, pain and suffering, mental anguish, psychological harm, and inconvenience to her daily life. As a result of this incident, our client has suffered and is still suffering, and is entitled to be legally compensated for the losses and harms caused. **See documentary support**.

As we know, our client is entitled to compensation for ***past*** physical pain, mental suffering, anxiety, disfigurement, and loss of enjoyment of life. And our client is entitled to compensation for ***future*** physical pain, mental suffering, anxiety, disfigurement, and loss of enjoyment of life. As a result of the injuries from this incident, our client has had extreme difficulty in all her life endeavors, which our client was able to perform prior to this incident and can no longer do so as she once did before.

As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was injured and hurt in his health, strength and activity, sustaining injuries to her body, and shock and injury to her nervous systems and persons, all of which have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability to her, all to her general damage.

As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of these injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future.

As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was prevented from attending to her usual occupations, and Plaintiff is informed and believes and thereupon alleges that she will thereby be prevented from attending to her usual occupations for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future.

11604813.1.30-



**DEMAND TO PRESERVE AND PRODUCE MATERIALS**

This correspondence shall serve as a Spoliation notice and preservation of evidence. Please see below for categories of evidence to preserve and produce at this time.

**REQUEST TO PRESERVE AND PRODUCE MATERIALS**

This correspondence shall serve as a general Spoliation Notice to preserve and produce evidence. Such evidence includes, but is not limited to, the following:

- Any and all logs, reports, and/or records reflecting cleaning, repair, and/or maintenance of the incident location leading up to and including December 2, 2024;
- Any and all data recorded of the incident and incident location leading up to and including December 2, 2024, including but not limited to any video or audio recordings;
- Any and all records, reports, sweep sheets, inspection reports, logs, notes, statements, or forms, including but not limited to written documents, electronically stored information (ESI), recordings, and/or messages of any kind, concerning the matter herein;
- Any and all relevant maintenance records, surveillance video of the incident, and a reasonable time period prior to the incident (including the entire 24 hour day period of the subject incident), and/or personnel communications of or relating to the premises defect that is the subject of this matter;
- Any and all documents and information relating to your standards of operating and duty of care regarding maintenance for conditions, including but not limited to ice along the walkways;
- Your safety rules/manual/handbook for your premises;
- Most recent operations rulebook, manuals, Standard Operating Procedures (SOP's)
- It is hereby demanded that all evidence is preserved relating to the maintenance procedures of unsafe conditions along the walkways, including but not limited correspondence, electronic mail correspondence;
- Any and all materials, documents, and information relating to any similar incidents wherein a person was injured due to the your premises negligently providing any caution sign when relating to defects of unsafe conditions, including but not limited to ice along the walkways;
- Any and all materials, documents, and information relating to any claims and/or complaints made against your premises in which involved a person injured due to your premises negligently providing any caution sign when relating to defects of unsafe conditions, including but not limited to ice along the walkways;
- A copy of all incident reports of any incidents involving defects and lack of maintenance relating to the unsafe conditions along the walkways that have occurred in the 10 years preceding the subject incident on December 2, 2024;
- Any and all items of tangible evidence or materials of any kind, i.e. audio-visual files, recordings, correspondence(s), which relate in any manner, any part or portion of the herein referenced subject incident;
- Any documents and information identifying any third parties, including individuals and business entities, who are responsible for the maintenance of the conditions on the walkways at the premises;
- Any documents and information identifying the phone numbers and mailing addresses of the third parties, including individuals and business entities who are responsible for the maintenance of the conditions on the walkways at the premises;
- Any documents identifying the individuals, including those who are currently employed or formerly employed by Defendant, who were involved in any manner, or any part or portion of the above referenced subject incident;
- Any documents identifying the phone numbers and mailing addresses of any individuals, regardless of whether they are currently employed or formerly employed by Defendant, who are responsible for the maintenance of the conditions on the walkways at the premises;
- Any contract and/or agreement that your premises may have with our client;
- Any and all documents relating to the prevention of the the unsuitable conditions on the walkways that your premises may have;
- Any and all documents relating to training of personnel for the prevention of the unsuitable conditions, including but not limited to ice along the walkways that your premises may have;
- Any and all documents relating to the code of ethics followed by your specific entity;
- Any and all documents, files, personnel relating to the maintenance procedures followed by your specific entity;
- Any and all survey records that your premises has conducted to check for the conditions and/or defects on the walkways at the premises; and
- Any and all inspection records concerning the subject area from ten (10) years prior to December 2, 2024 to today.

Please take notice that under law, unless justified by you, any intentional or negligent destruction, concealment, alteration or failure to preserve any relevant documents, data, information or evidence, reasonably known of when eliminated, will be subject to sanctions. Intentional, grossly negligent or culpable conduct such as destroying or preventing the use of evidence may result in exemplary or punitive sanctions in order to adequately compensate our client.

Please note that an appropriate instruction to the jury on "Willful Suppression of Evidence" may include as follows: "You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party."

**CONCLUSION**

If we do not receive a response from you **within thirty (30) calendar days** from the date of this correspondence or within the permitted time to respond to this Claim Notice, we will have no other choice but to pursue all legal rights as possible and seek the assistance of the Court. Should you have any questions, please do not hesitate to contact our office at phone number (310) 498-2750.

While this correspondence is subject to the codes and laws of Evidence, nothing contained herein shall be deemed in any manner to be an admission by our client or full explication of any facts or a waiver of our client's rights or remedies which may be or become available as a result of actions or omissions with respect to the subject matter stated herein or otherwise, all of which rights and remedies at law, equity and/or otherwise, are specifically hereby reserved. In the spirit of cooperation and in further attempts to resolve these issues informally and amicably, please feel free to contact our office at telephone (310) 498-2750 or email Justin@TheSterlingFirm.com upon receipt of this letter so that we may discuss the issues contained herein. Thank you for your courtesy and cooperation in this regard.

Sincerely,
THE STERLING FIRM, A PROFESSIONAL LAW CORPORATION

Justin Sterling

Justin Sterling, Esq.
Enclosure(s): Standard Form 95 and Documentary Support BATES NUMBERS 000001-000204

# EXHIBIT B

USDA United States Department of Agriculture
Forest Service
CFO B&F Claims Branch
4000 Masthead Street NE
Albuquerque, NM 87109
1-877-372-7248

File Code:
Date: May 15, 2025

The Sterling Law Firm
Justin Sterling, Esq.
8605 Santa Monica Blvd.
Ste: #96543
West Hollywood, CA 90069

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

| | |
|---|---|
| Your Client: | Brooke Clendenen |
| Date of Incident: | December 02, 2024 |
| Our Claim No.: | 2025050047-001 |

Dear Mr. Sterling:

We received your Standard Form 95 (SF-95), *Claim for Damage, Injury, or Death*. Your claim will be processed under the Federal Tort Claims Act (FTCA). As an agency, the Forest Service does not have authority to settle tort claims and is required to refer them to the USDA Office of General Counsel (OGC) for determination. Be advised, that the OGC cannot approve payment for claimed damages that are not sufficiently documented. It is our responsibility to process claims for transmittal to the OGC. However, before we can do so in this case, we are returning the SF-95 to you with a request that you submit the following documentation and/or information:

- Block 8 Basis of Claim: FTCA requires that an agency receive "proper notification" of a claim to include a description of the incident giving rise to the claim in sufficient detail to allow the agency to identify and investigate it. Please provide the exact location where the incident occurred and identify the Forest Service employee(s) with whom you spoke to at the time of the accident.

- Please provide a copy of any incident reports that may have been completed, to include color photographs of the alleged "slippery material and/or ice" that caused your client to fall.

- In reference to your claim regarding the walkway, please provide color photographs of the alleged defect in the walkway's design, and please reference the specific guidelines and practices that were violated in the construction of the walkway.

- You reported Claimant's husband, Mr. Riley Chandler as a witness. Please provide a witness statement from Mr. Chandler in support of your claim, if available.

- You are claiming $5,000,000.00 for personal injury. The government is prohibited from making payment for claimed expenses that are not sufficiently documented. The instructions on the SF-95 Form state that the amount claimed should be substantiated by competent evidence. In support of claims for personal injury, the claimant should submit the following:

    - A written report by the attending physician(s) setting forth 1) the extent of the injuries, 2) the nature and extent of treatment including any future treatment, and 3) the degree of temporary or permanent disability.

    - Itemized bills for medical and/or hospital expenses, or itemized receipts of payment. Indicate which medical expenses were paid or are payable under the health insurance policy, as well as any out-of-pocket medical expenses that your client incurred. If future treatment is necessary, please provide a detailed statement of expected expenses.

    - The exact amount claimed for pain and suffering.

    - Relative to the sum certain amount of $5,000,000.00, please provide a detailed breakdown of how you reached this figure.

Please submit the requested documentation and information within 30 days of receipt of this letter to the attention of Santiago Flores at Santiago.Flores@usda.gov, or fax it to 1-866-341-1541. If email or faxing is simply not an option, please mail the information requested to the address listed above.

Please contact Santiago Flores at 505-581-2678 or email to Santiago.Flores@usda.gov if you have any questions and reference claim 2025050047-001.

Sincerely,

SANTIAGO FLORES

Digitally signed by SANTIAGO FLORES
Date: 2025.05.15 11:54:52 -06'00'

*Santiago Flores, for*
John Getchell
Branch Chief, Claims/Claims Officer

Enclosure

# EXHIBIT C

The Sterling Firm

**Justin Sterling, Esq. <justin@thesterlingfirm.com>**

# Disposition of Tort Claim of B. Clendenen

1 message

**Balliett, Tammy - OGC, OR** <Tammy.Balliett@usda.gov> Thu, Oct 23, 2025 at 2:47 PM
To: "dan@danolearylaw.com" <dan@danolearylaw.com>, "justin@thesterlingfirm.com" <justin@thesterlingfirm.com>
Cc: "Ganotis, Marnie - OGC, CA" <marnie.ganotis@usda.gov>, "Balliett, Tammy - OGC, OR" <Tammy.Balliett@usda.gov>

Gentlemen. Attached please find the disposition letter for the above noted tort claim placed in today's mail.

Regards,

**Tammy Balliett**
Paralegal
Pacific Region - Portland Office

USDA
U.S. DEPARTMENT OF AGRICULTURE
Office of the General Counsel
1220 SW Third Ave., Ste. 310, Portland, OR, 97204
p: (503) 808-5972

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

**Clendenen v. USDA FS Denial Letter 10 23 2025.pdf**
138K

United States Department of Agriculture
*Office of the General Counsel*

Pacific Region—San Francisco Office
630 Sansome Street, Suite 1040
San Francisco, California 94111
Email: marnie.ganotis@usda.gov

October 23, 2025

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**Certified Mail No.: 7022 3330 0000 4568 0502**
Daniel M. O'Leary, Esq.
Law Office of Daniel M. O'Leary
2300 Westwood Blvd., Suite 105
Los Angeles, California 90064
dan@danolearylaw.com

**Certified Mail No.: 7022 3330 0000 4568 0496**
Justin Sterling, Esq.
The Sterling Firm
8605 Santa Monica Blvd., No. 96543
West Hollywood, California 90069
justin@thesterlingfirm.com

**RE: FTCA Claim Disposition**
Your Client: Brooke Clendenen
Date of Occurrence: December 2, 2024
Amount of Claim: $5,000,000.00

Dear Mr. O'Leary and Mr. Sterling:

On or about May 8, 2025, the United States Department of Agriculture Forest Service's Claims Branch received an administrative tort claim (the "Claim") presented on behalf of your client, Brooke Clendenen, under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. The Claim seeks total compensation of $5,000,000.00 for personal injuries allegedly sustained by Ms. Clendenen. Ms. Clendenen claims that she fell on December 2, 2024, while visiting National Forest System lands.

On October 13, 2025, you filed an action in the United States District Court for the Eastern District of California against the United States of America. Because litigation is pending, the Claim presented on behalf of Ms. Clendenen is hereby finally denied.

Pursuant to 28 C.F.R. § 14.9, I am required to inform you that if Ms. Clendenen is dissatisfied with this agency action, she may file suit in the appropriate district court of the United States within six months after the date of mailing of this letter. *See* 28 U.S.C. § 2401(b).

Sincerely,

Marnie G. Ganotis
Attorney

cc: Santiago Flores, Legal Administrative Specialist, USDA Forest Service Claims Branch

# EXHIBIT D

USDA

United States Department of Agriculture | Office of the General Counsel | Washington, D.C. 20250-1400

December 2, 2025

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED (Certified Mail # 9589 0710 5270 0474 4032 81)**

**Justin Sterling, Esq.**
**The Sterling Law Firm**
**8605 Santa Monica Boulevard**
**#96543**
**West Hollywood, California 90069**

**SUBJECT: Administrative Tort Claim of Brooke Clendenen**

**Dear Mr. Sterling:**

**The United States Department of Agriculture, U.S. Forest Service, forwarded the above-referenced administrative claim (the "Claim") to this office for our review and determination under the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C. §§ 2671-2680. The Claim was submitted by you, on behalf of your client Brooke Clendenen, and seeks personal injury damages of $5,000,000.00**

**The FTCA is a limited surrender of the sovereign immunity of the United States. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The United States, as sovereign, is immune from suit, except to the extent it consents to be sued. The FTCA provides that for cases otherwise meeting the jurisdictional and procedural requirements of the Act, the United States shall be liable for death, personal injury, or property damage caused by the negligent or wrongful act or omission of any employee of the agency acting within the scope of his or her office or employment, under circumstances where a private person would be liable in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b), 2674. Based on our review of the Claim, we cannot conclude that the United States is liable for your client's alleged damages. Therefore, the Claim is denied.**

**This is the final action on your client's Claim. If you client is dissatisfied with this final action, she may file suit against the United States in an appropriate U.S. District Court not later than six (6) months from the date of mailing this letter, which is the date shown above.**

**Sincerely,**

p.p. Christopher Elmore

**Mark G. Garrett**
**Assistant General Counsel**
**General Law and Research Division**