ERIC GRANT
United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Defendant United States of America

MATTHEW D. TAGGART, SB# 227482
LEWIS BRISBOIS BISGAARD & SMITH LLP
E-Mail: Matt.Taggart@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
VISTA RECREATION, a business entity

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE CLENDENEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 2:25-CV-3109-DC-CSK<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION** |

Plaintiff voluntarily dismissed the same lawsuit twice under Federal Rule 41(a)(1). Per the "two dismissal rule," the second dismissal "operate[d] as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Plaintiff's counsel did not consider this rule when they voluntarily dismissed the second suit. When Plaintiff filed the same lawsuit again, Defendants moved to dismiss on res judicata grounds.

Having realized their error, they have filed an ex parte application (the "Motion") in this Court to vacate their dismissal pursuant to Federal Rule 60(b)(1), (3), and (6). Plaintiff's Motion should be denied because counsel's failure to read or appreciate Rule 41(a)(1)(B) does not permit relief under Rule 60(b). Indeed, courts have repeatedly denied Rule 60(b) relief to absolve a party of the two-dismissal rule under the same circumstances. Further, Plaintiff's ex parte Motion should be denied for procedural reasons. It exceeds the scope of permissible ex parte motions in this Court's Local Rules and Standing Order, and its ex parte nature is based on the misrepresentation that "[c]ounsel could not obtain a stipulation from the other side despite its good faith efforts to confer with the opposing defense counsel on this issue." ECF 10-1, Sterling Decl. ¶ 5. In fact, Plaintiff's counsel has not conferred with either Defendant *at all* on this issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges injury after slipping on walkway ice on December 2, 2024. She presented an administrative claim to the U.S. Department of Agriculture on May 15, 2025. ECF 10-1 Exs. A, B. Following her administrative claim, she filed three identical lawsuits against Defendants United States of America and Vista Recreation.

**Clendenen I –** *Clendenen I*, No. 2:25-cv-2971-DAD-CSK, was filed on October 13, 2025. This case was premature as to the United States under the Federal Tort Claims Act, as the USDA had not yet denied the administrative claim nor had six months elapsed since its submission. 28 U.S.C. § 2675(a). Despite that the claims against Vista Recreation did not have a jurisdictional defect—only the claims against the United States did—Plaintiff elected to voluntarily dismiss the entire case on October 27, 2025, through a Rule 41(a)(1) notice of dismissal. ECF 10-1, Sterling Decl. ¶ 9; *Clendenen I*, ECF 7.

**Clendenen II –** The USDA denied the administrative claim on October 23, 2025. ECF 10-1, Sterling Decl. ¶ 10 & Ex. C. Plaintiff then filed *Clendenen II*, No. 2:25-cv-3109-DC-CSK, on October

27, 2025. While *Clendenen II* was pending, the USDA sent another form denial letter to Plaintiff on December 2, 2025, in what appears to have been an administrative error. ECF 10-1, Sterling Decl. ¶¶ 13-16 & Ex. D. Rather than wait to definitively determine why the second letter was sent or what its legal implications might be (or even wait for less than a month for the United States to respond to the complaint), Plaintiff filed a Rule 41(a)(1) notice of dismissal on December 18, 2025.

**Clendenen III** – Plaintiff filed *Clendenen III*, No. 2:25-cv-3655-JDP, on December 18, 2025. The United States and Vista Recreation filed motions to dismiss on February 23 and 25, respectively, asserting res judicata under the two-dismissal rule. *Clendenen III*, ECF 12, 15.

On March 3, 2026, Plaintiff filed the instant Motion in this case. Plaintiff's counsel did not call, email, or otherwise contact counsel for either Defendant before filing the Motion. Ex. A, Declaration of Brodie M. Butland ¶ 3; Ex. B, Declaration of Matthew D. Taggart ¶¶ 4-5. Despite making no efforts to contact Defendants' counsel, Plaintiff's counsel affirmatively represented to this Court that they "could not obtain a stipulation from the other side despite its good faith efforts to confer with the opposing defense counsel on the issue." ECF 10-1, Sterling Decl. ¶ 5; ECF 10 at 2.

Nor did Plaintiff serve either Defendant with the Motion when it was filed. Butland Decl. ¶ 4; Taggart Decl. ¶¶ 5-6. In fact, Defendants only learned about Plaintiff's Motion nearly a week later, when it was referenced in Plaintiff's opposition to their motions to dismiss in *Clendenen III*. *See Clendenen III*, ECF 22; Butland Decl. ¶ 4; Taggart Decl. ¶ 7.

## II. LAW AND ANALYSIS

### A. Rule 60(b) provides no basis for relief.

Plaintiff first argues that Rule 60(b)(1) relief is justified because of a "mistaken belief" that the second Rule 41(a)(1) dismissal would not preclude a third suit. ECF 10 at 7; *see also* ECF 10-1, Sterling Decl. ¶ 19. But Plaintiff's second Rule 41(a)(1) dismissal does not involve mistake or excusable neglect. "Rather, this is a situation where plaintiff's counsel neglected to recognize the consequences of the second voluntary dismissal." *Melo v. Zumper, Inc.*, No. 20-cv-714, 2020 WL 1891796, at *2 (N.D. Cal. Apr. 16, 2020) (denying Rule 60(b)(1) relief from two-dismissal rule); *Perrine v. United States*, No. 15-cv-2807, 2016 WL 9488701, at *4 (S.D. Cal. Mar. 14, 2016) (denying

Rule 60(b)(1) relief from two-dismissal rule because plaintiffs' counsel "were simply ignorant of the consequence of that filing and now regret it"). Plaintiff "deliberately chose to voluntarily dismiss [the second] action under Rule 41(a)(1) as part of a strategic litigation decision. . . . Whether or not Plaintiffs or counsel were aware that their decision to dismiss th[e] action invoked the two-dismissal rule, [the Court] cannot relieve Plaintiff[] from their affirmative decision to dismiss this action." *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, No. CV-12-3740, 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013).

Simply put, "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). "To allow relief from the two dismissal rule under Rule 60(b) would effectively render the rule meaningless because any plaintiff seeking to avoid the implications of the rule presumably did not intend for their second voluntary dismissal to be on the merits." *Perrine*, 2016 WL 9488701, at *2.

Plaintiff also invokes Rule 60(b)(6), which may relieve a party from a final judgment for "any other reason that justifies relief." ECF 10 at 8-9. "Judgments are not often set aside under Rule 60(b)(6)." *Latshaw*, 452 F.3d at 1103. "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). But here, "Plaintiff has not demonstrated circumstances beyond [her] control, nor can [she]. Plaintiff's choice to file a voluntary dismissal was entirely within [her] (or [her] counsel's) control." *Melo*, 2020 WL 1891796, at *5. "Plaintiff[] counsel's failure to read the very rule of civil procedure that he cited in both prior dismissals is not the sort of mistake or inadvertence Rule 60(b) is intended to remedy." *Perrine*, 2016 WL 9488701, at *3; *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6).").

Plaintiff further asserts that because the USDA improperly mailed a second denial letter, she is entitled to relief under Rule 60(b)(3) for fraud, misrepresentation, or misconduct. ECF 10 at 8. To prevail, she must (1) show by clear and convincing evidence that the result "was obtained through fraud,

misrepresentation, or other misconduct"; and (2) prove that "the conduct complained of prevented the losing party from fully and fairly presenting [her] case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir. 1990). Plaintiff flunks both prongs. She offers no evidence of fraud, misrepresentation, or misconduct, let alone clear and convincing evidence—indeed, her Motion feebly asserts only that Rule 60(b)(3) "may potentially be implicated." ECF 10 at 8.

More importantly, even if Plaintiff could find evidence of fraud or misconduct, the USDA's second letter did not cause the two-dismissal rule to apply or prevent Plaintiff from pursuing her claim in *Clendenen III*. Rather, the two-dismissal rule applies because Plaintiff reflexively responded to the second letter with a Rule 41(a)(1) dismissal, without considering its implications or whether there were other options. In fact, Plaintiff had at least two options that would avoid the two-dismissal rule:

1. She could have voluntarily dismissed only the United States from *Clendenen I*, proceeded against Vista Recreation, and amended her Complaint to add the United States after receiving a denial letter from the USDA. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). That approach would have obviated the need to file *Clendenen II* or *III*.

2. She could have moved to dismiss *Clendenen II* under Rule 41(a)(2). Had Plaintiff taken this approach, the United States could have opposed the motion because the Court had jurisdiction. Even if the Court granted the motion, the two-dismissal rule would not apply to *Clendenen III*.

In short, "[t]he Federal Rules of Civil Procedure are not a 'machination' . . . to trap the unwary. They are the rules that govern the procedure in all civil actions and proceedings. . . . Counsel is expected to know the rules. . . . There is nothing absurd about enforcing the rule as it clearly and unambiguously provides." *Perrine*, 2016 WL 9488701, at *3.

**B. Plaintiff's ex parte Motion should be denied as improper under this Court's Local Rules and Standing Order.**

"[*E*]*x parte* motions 'are rarely justified.'" *Beard v. Cnty. of Stanislaus*, No. 1:21-cv-841, 2022 WL 12073987, at *3 (E.D. Cal. Oct. 20, 2022) (de Alba, J.) (quoting *Mission Power Eng'g Co v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). This Court has recognized "the plain truth" that "ex parte motions are inherently unfair, and they pose a threat to the administration of justice." *Id.* at *3. And by creating "grossly unbalanced" opportunities to respond, ex parte motions "debilitate the adversary system" by denying "the court the best possible presentation of the merits and demerits of the case on each side." *Id.* at *3.

These principles are especially true here, and Plaintiff's ex parte Motion should be denied. For one, Plaintiff's Motion exceeds the scope of ex parte motions this Court permits. This Court's Local Rules only recognize ex parte motions in four contexts: (1) extending time where a stipulation cannot be obtained; (2) shortening time to respond; (3) temporary restraining orders; and (4) default judgment (Loc. R. 540). *See* Loc. R. 144(c), 144(e), 231(c)(8), 540; *Vue v. Pentagon Fed. Credit Union*, No. 1:21-cv-1063, 2024 WL 2747457, at *1 (E.D. Cal. May 28, 2024). The Court's Standing Order confirms that ex parte requests involve "administrative matters . . . , such as requests to exceed applicable page limits, requests to shorten time on a motion, request to extend a response deadline, requests to alter a briefing schedule, or requests to alter a discovery schedule[.]" ECF 4-1 at 3.

But Plaintiff's Motion is not an administrative matter. Rather, it seeks to reopen a case and vacate a previously-filed dismissal notice (or convert it to a Rule 41(a)(2) motion). This significant substantive relief is beyond what this Court's Local Rules and Standing Order allow. *Beard*, 2022 WL 12073987, at *5 (denying ex parte motions because they "are clearly discovery and sanctions motions to which specific Local Rules and Federal Rules of Civil Procedure apply; thus, they are not 'miscellaneous' administrative matters to which Local Rule 233 should be applied. Indeed, the Court does not find such substantive motions are even implicated by Local Rule 233").

More disturbingly, it appears that Plaintiff's counsel did not satisfy the basic attempted meet and confer requirements for an ex parte motion, but misrepresented to the Court that they did so. *See* Loc. R. 233(a)(5); ECF 4-1 at 3; *ABOA, LLC v. Thomas*, No. 2:22-cv-1381, 2022 WL 17650923, at *1 (E.D. Cal. Dec. 13, 2022). Plaintiff's counsel claimed they made "good faith efforts to confer with the opposing defense counsel" but "could not obtain a stipulation from the other side." ECF 10 at 2; ECF 10-1, Sterling Decl. ¶ 5. But Plaintiff's counsel did not contact counsel for either Defendant prior to filing the ex parte Motion. Nor did Plaintiff serve the Motion on Defendants. Butland Decl. ¶¶ 3-4; Taggart Decl. ¶¶ 4-7. A failure to comply with this Court's Local Rules is sufficient in itself to deny an ex parte motion. *Sheikh v. Spinnaker Ins. Co.*, No. 2:23-cv-1582, 2025 WL 3724530, at *1 (E.D. Cal. Dec. 23, 2025) (denying ex parte application "because Plaintiff failed to meet and confer as required").

Defendants also note that Plaintiff's ex parte Motion exceeds the five-page limit set by Local

Rule 233(a)(2), which is an additional reason to procedurally deny the Motion. Defendants have nonetheless complied with that requirement.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's ex parte Motion should be denied.

Respectfully submitted,

Dated: March 16, 2026

ERIC GRANT
United States Attorney

By: */s/ Brodie M. Butland*
BRODIE M. BUTLAND
Assistant United States Attorney

Attorneys for Defendant United States of America

Dated: March 16, 2026

/s/ *Matthew D. Taggart*
MATTHEW D. TAGGART

Attorney for Defendant Vista Recreation