Daniel M. O'Leary, Esq. (CA SBN: 175128)
Law Office of Daniel M. O'Leary
2300 Westwood Blvd., Suite 105
Los Angeles, CA 90064
Tel.: (310) 481-2020
Email: dan@danolearylaw.com

Justin Sterling, Esq. (SBN: 290642)
The Sterling Firm, APLC
8605 Santa Monica Boulevard, #96543
Los Angeles, CA 90069
Tel.: (310) 498-2750
Fax: (310) 362-8608
Email: justin@thesterlingfirm.com

*Attorneys for Plaintiff Brooke Clendenen*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BROOKE CLENDENEN, an individual,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; VISTA RECREATION, a business entity;<br>Defendants. | ) | CASE NO.: 2:25-cv-03109-DC-CSK<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO REOPEN CASE PURSUANT TO RULE 60(b) AND FOR AN ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)<br><br>DATE: Friday, May 1, 2026<br>TIME: 1:30 PM<br>LOCATION: Courtroom 10, 13th floor, Robert T. Matsui U.S. Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

**TO THE HONORABLE COURT, THE DEFENDANTS, AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that Plaintiff will and hereby does motion to the court for an order to reopen case pursuant to Federal Rule of Civil Procedure 60(b) and for an order of dismissal pursuant to Rule 41(a)(2).

In particular, a motion to reopen a case under Federal Rule of Civil Procedure 60(b)(1) for

mistake regarding a Rule 41(a) voluntary dismissal aims to vacate a final order due to error, such as a mistaken understanding of the dismissal's impact or scope. The mistake, inadvertence, or excusable neglect led to the erroneous dismissal, and this subject motion is being filed within a "reasonable time" not to exceed one year. The prior request for dismissal was filed under the mistaken impression that it was without prejudice, when it operated as with prejudice according to the “Two Dismissal Rule” of Federal Rule of Civil Procedure 41(a)(1)(A)(i). This mistake constitutes a clear oversight covered under Rule 60(b)(1).

1. **Rule 60(b)(1) Relief:** A court may relieve a party from a final order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).
2. **Mistake Regarding Dismissal:** The dismissal was not a deliberate, informed decision, but a result of subsequent denial letters by the responding Federal Agency, and a misunderstanding of the scope of Rule 41(a)(1) or clerical error.
3. **Prompt Filing:** This motion is filed well within the one-year limitation.
4. **No Prejudice:** Reopening the case will not unfairly prejudice the Defendants, as discovery has not yet begun in the subsequent filed matter with case number 2:25-cv-03655-JDP and trial is not scheduled.

For the reasons stated herein this subject motion, Plaintiff respectfully requests that the Court vacate the order of dismissal, reopen this case, and submit a court order of dismissal pursuant to Rule 41(a)(2) so that the “Two Dismissal Rule” of Rule 41(a)(1)(A)(i) and so that Defendants’ pending dispositive motions in the matter with case number 2:25-cv-03655-JDP shall be considered moot and so that justice is served and an injustice is avoided.

This motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Affidavit of Justin Sterling, Esq., and any other materials that the Court wishes to consider.

DATED: March 23, 2026

**THE STERLING FIRM**

By: Justin Sterling
Justin Sterling, Esq.
Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE PURSUANT TO RULE 60(b) AND FOR AN ORDER OF DISMISSAL PURSUANT TO RULE 41(a)(2)**

Plaintiff Brooke Clendenen slipped on ice in a National Forest. She filed a Federal Tort Claim. She then filed a lawsuit against the United States and co-defendant Vista Recreation for personal injuries. That case was filed on October 13, 2025, EDCA case number 2:25−CV−02971−DAD−CSK. After it was filed, the U.S Department of Agriculture sent a letter formally denying the tort claim. This letter claimed to be the "final denial" of the tort claim. (See Exhibit D to Sterling Aff.) Because this complaint was filed before the tort claim had been denied, either expressly or by operation of law, Plaintiff dismissed it without prejudice. See 28 U.S.C. § 2675(a). She re-filed it on October 27, 2025, EDCA case number 2:25−CV−03109−DC−CSK. This complaint disclosed the circumstances around the previous filing and dismissal. (See Sterling Aff., ¶¶9-10.)

The U.S. Department of Agriculture then sent another letter denying the claim, on December 2, 2025. This letter also and redundantly claimed to be the final denial of the tort claim. (Exhibit D.) Plaintiff was faced with a jurisdictional problem, since, per the December 2, 2025 letter, she had filed the second complaint prior to exhausting the administrative claim process. 28 U.S.C. § 2675(a); *Jerves v. United States* (9th Cir. 1992) 966 F.2d 517, 519. She filed a dismissal, which was entered in the docket as a dismissal under FRCP 41(a). She then re-filed the case a second time on December 18, 2025, EDCA case number 2:25-cv-03655-JDP. (Sterling Aff., ¶¶11-18.)

Both the United States and Vista Recreation have moved to dismiss this current case under the "Two dismissal rule," arguing that Plaintiff's second dismissal operates as a dismissal on the merits, notwithstanding that it was motivated by USDA's apparent haphazard handling of the underlying tort claim. Both defendants' motion to dismiss was set for hearing on April 2, 2026, and have since been taken under submission and may be decided without a hearing. Plaintiff seeks to re-open this case under FRCP 60 and have a dismissal entered pursuant to FRCP 41(a)(2) without prejudice due to lack of jurisdiction for failure to exhaust the tort claim process.

An involuntary dismissal would not operate as a second voluntary dismissal under the "Two dismissal rule" and allow case 2:25-cv-03655 to proceed on the merits, which is the clear intention of the Plaintiff.

**THIS COURT HAS AUTHORITY TO REOPEN THE PREVIOUSLY DISMISSED CASE PURSUANT TO RULE 60(b) AND ISSUE AN ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

The Supreme Court of the United States, in *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025), unanimously held that voluntary dismissals constitute final orders under Rule 60(b) of the Federal Rules of Civil Procedure. This paves the way for federal courts to reopen previously dismissed claims, including this instant action in order to avoid injustice.

**Federal Rule of Civil Procedure 60(b)**

By way of background, Federal Rule of Civil Procedure 60(b) permits federal courts to grant parties relief from a "final judgment, order, or proceeding" for several enumerated reasons. This includes, among other things: mistake, inadvertence, surprise or excusable neglect. Other reasons may also include fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. The general purpose of the rule is to make an exception to finality when it is necessary for the purposes of justice. See F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b). Motions brought under this rule require the court to balance the interest in finality of judgments and the desire to achieve justice.

**Grounds for Re-Opening the Instant Matter and Issuing a Court Order of Dismissal Without Prejudice pursuant to Rule 41(a)(2)**

Plaintiff's claims in this motion, based upon which she asserts the judgment entered in this action should be re-opened, are summarized as:

(1) mistake, inadvertence, and excusable neglect for requesting a voluntary dismissal without prejudice of the instant action under Rule 41(a)(1) when it should have requested a court order of dismissal without prejudice pursuant to Rule 41(a)(2); and

(2) possible misconduct of the Federal Agency in providing unnecessary misleading denial

letters in order to confuse the plaintiff as to whether administrative notices had been exhausting and causing questions as to this court's jurisdiction; and

(3) exceptional circumstances in order to achieve justice.

**Good Cause Exists**

In turn, Federal Rules of Civil Procedure, Rule 60(b)(1) allows the court to re-open the instant action on the basis of "mistake, inadvertence, surprise, or excusable neglect."

As *Rutter* explains: "'Surprise, inadvertence or excusable neglect': These terms all boil down to excusable neglect: i.e., has the moving party shown a reasonable excuse." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E (*Meadows v. Dominican Republic*, 817 F.2d 517, 520 (9th Cir. 1987)).

On motion and just terms, the court may relieve a party or its legal representative from a final judgement, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Federal Rules of Civil Procedure Rule 60(b)(1)." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E (citing *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015)).

"Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

As explained herein, Plaintiff was relying on the USDA's subsequent denial letters when dismissing her case in order to preserve the subject matter jurisdiction of the court. Sterling Aff., ¶18. Plaintiff's associate co-counsel attempted to meet and confer with the U.S. Attorney representing the USDA in order to clarify the purpose of the subsequent denial letter but received no clarifying response. Id., ¶15. Plaintiff's counsel proceeded with the belief that the dismissal would be without prejudice (but in actuality the dismissal has served as being prejudicial due to the Defendants' application of the "Two Dismissal Rule" of Rule 41(a)(1)(A)(i) and Rule 41(a)(1)(B)). Id., ¶19.

///

**Mistake And Excusable Neglect**

Rule 60(b )(1) of the Federal Rules of Civil Procedure provides that a court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect" within a "reasonable" time not to exceed one year. Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final judgment for reasons including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"The mistake of fact must be reasonable under the circumstances. This usually turns on the justifiability of the party's failure to ascertain the correct facts. Relief will not be granted where the failure to respond reflects the conscious desire to avoid defending the suit." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E, 6:158.

Here, Plaintiff filed a voluntary dismissal in order to preserve the subject matter jurisdiction of the court and attempted to clarify the purpose of December 2, 2025 denial letter of the USDA with its legal counsel but did not receive any clarifying response. Sterling Aff., ¶¶13-16. Plaintiff's counsel proceeded under the mistaken belief that the voluntary dismissal would be without prejudice (when in actuality due to the possible omission of the USA, the dismissal is now serving as prejudicial). Id., ¶19.

This Court is empowered to re-open the instant action solely on the basis of mistake. The Plaintiff's prompt action means that the matter can and should be re-opened to allow the court to order its own dismissal without prejudice pursuant to Rule 41(a)(2) so that justice is served and that the Defendants' dispositive motions filed in the matter with case number 2:25-cv-03655-JDP are to be considered moot. Plaintiff's case should be decided on the merits.

**Alternatively, Excusable Neglect Also Allows the Instant Action to be Re-Opened**

Under Rule 60(b)(1), a court may re-open the matter for "excusable neglect." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015).

Here, first, the party seeking to set aside the judgment did not engage in culpable conduct that led to the filing of the voluntary dismissal without prejudice. Rather, Plaintiff's counsel sought to serve justice by preserving subject matter jurisdiction of this court and to avoid any jurisdictional issues. See Sterling Aff., ¶¶10-18.

Second, Plaintiff has numerous meritorious claims, as set forth in the allegations of her complaint. The matter should be decided on the merits of those claims.

Third, there is no "judgment" to be reopened that would prejudice the Defendants. Rather, no judgment has been obtained on the merits of the claims, no discovery has been conducted, and no trial has been set on the Plaintiff's claims.

The Court is empowered to make a ruling so that the claims are heard on the merits. Plaintiff respectfully requests that this Court sets aside the dismissal entered based on Plaintiff's request for a voluntary dismissal without prejudice and enter its own order of dismissal without prejudice pursuant to Rule 41(a)(2) so that Defendant's dispositive motions are considered moot and so that justice can be served by allowing the Plaintiff's claims to go forward and the matter be decided on its merits.

**Possible Misconduct, Misleading by Omission, and Gamesmanship to Improperly Obstruct Justice**

Rule 60(b)(3) may potentially be implicated in this situation, which states that a court may relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3).

Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b). There is no sound reason for their exclusion. The incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a "reasonable time," which might be after the time stated in the rule had run. *Fiske v. Buder* (C.C.A.8th, 1942) 125 F.(2d) 841; see also inferentially *Bucy v. Nevada Construction Co*. (C.C.A.9th, 1942) 125 F.(2d) 213.

**Equity Favors Re-Opening the Instant Action and for an Order of Dismissal pursuant to Rule 41(a)(2) so that Defendants' Dispositive Motions based on the "Two Dismissal Rule" are considered Moot**

Courts "use Rule 60(b)(6) 'sparingly as an equitable remedy to prevent manifest injustice.'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine*

*Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Relief is available under Rule 60(b)(6) when the grounds enumerated in Rule 60(b)(1) through (5) may not apply. See *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025); id. at 210 (summarizing these grounds as "mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment"). Here, the Court may exercise its discretion to grant Plaintiff's relief under Rule 60(b)(6).

Rule 60(b)(6), specifically cited by plaintiff, provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." *Pierce v. Cook & Co. Inc.*, 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

Procedural issues warrant 60(b)(6) relief.

DATED: March 23, 2026

**THE STERLING FIRM**

By: Justin Sterling
Justin Sterling, Esq.
Attorney for Plaintiff