ERIC GRANT
United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93271
Telephone: (559) 497-4000

Attorneys for Defendant
THE UNITED STATES OF AMERICA

LEWIS BRISBOIS BISGAARD & SMITH LLP
MATTHEW D. TAGGART, SBN 227482
Email: matt.taggart@lewisbrisbois.com
TIMOTHY J. NALLY, SB# 288728
Email: timothy.nally@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
RRM-CLM SERVICES, LLC d/b/a VISTA RECREATION, a Delaware limited liability company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BROOKE CLENDENEN, an individual,

Plaintiff,

vs.

UNITED STATES OF AMERICA; VISTA RECREATION, a business entity,

Defendants.

Case No. 2:25-CV-03109-DC-CSK
[The Honorable Dena Coggins]

**DEFENDANTS' JOINT OMNIBUS OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE PURSUANT TO RULE 60(b)(1) AND FOR AN ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

Date: May 1, 2026
Time: 1:30 p.m.
Place: Matsui Courthouse, Ctrm. 9
501 I Street
Sacramento, CA 95814-7300

Date filed: December 18, 2025
Trial Date: None Set

## I. INTRODUCTION

This case was the second time that Plaintiff had voluntarily dismissed her complaint pursuant to Rule 41(a)(1)(A). Under Rule 41(a)(1)(B), Plaintiff's December 18, 2025 voluntary dismissal operated as an adjudication on the merits of her claims against both defendants. Defendants filed motions to dismiss arguing as much when Plaintiff filed a third lawsuit (*Clendenen III*).

In a transparent attempt to circumvent a hearing on the motions to dismiss in *Clendenen III*, Plaintiff filed an ex parte application seeking to vacate her second dismissal in this case under Rule 60(b). Plaintiff never conferred with Defendants before filing the application (despite providing false testimony to this Court that meet and confer attempts were made), never gave notice of the filing, and never served Defendants with the application—Defendants only learned about the ex parte application because it was referenced in Plaintiff's *Clendenen III* opposition brief filed nearly a week later.

Plaintiff withdrew the ex parte application in response to Defendants' March 23, 2026 Opposition, and have now filed a nearly identical Motion seeking the same relief. Plaintiff's cynical efforts to clandestinely obtain Rule 60(b) relief through an ex parte application (and deny Defendants an opportunity to promptly respond) underlines Plaintiff's counsel's disregard for the Federal Rules of Civil Procedure, the Local Rules, and the very basic principles of fairness and due process now invoked in response to Rule 41(a)(1) and binding Ninth Circuit precedent on the issue.

## II. FACTUAL BACKGROUND

Plaintiff alleges injury after slipping on walkway ice on December 2, 2024. She presented an administrative claim to the U.S. Department of Agriculture on May 8, 2025. (ECF 13-1 Exs. A, B.) Following her administrative claim, she filed three identical lawsuits against Defendants United States of America and Vista Recreation.

### A. Plaintiff Elected to File "Notices of Dismissal Without Prejudice" in *Clendenen I and Clendenen II* Before Filing *Clendenen III*.

Plaintiff has filed three identical lawsuits against Defendants.

***Clendenen I*** – Plaintiff filed Case No. 2:25-cv-2971-DAD-CSK ("*Clendenen I*") in this Court on October 13, 2025. This case was premature as to the United States under the Federal Tort

Claims Act, as the USDA had not yet denied the administrative claim nor had six months elapsed since its submission. 28 U.S.C. § 2675(a). Even though Plaintiff's negligence claim against private defendant Vista Recreation did not have any obvious subject matter jurisdictional defect (unlike her claims against the United States), Plaintiff chose to voluntarily dismiss the entire case on October 27, 2025, through a Rule 41(a)(1) notice of dismissal. (ECF 13-1, Sterling Decl. ¶ 10; *Clendenen I*, ECF 7.)

***Clendenen II*** – The USDA denied the administrative claim on October 23, 2025. (ECF 13-1, Sterling Decl., ¶ 10 & Ex. C.) Plaintiff then filed Case No. 2:25-cv-3109-DC-CSK ("*Clendenen II*") in this Court on October 27, 2025. While *Clendenen II* was pending, the USDA sent another form denial letter to Plaintiff on December 2, 2025, in what appears to have been an administrative error. (ECF 13-1, Sterling Decl. ¶¶ 13-14 & Ex. D.)

But instead of waiting to take any action in *Clendenen II* before determining the reasons for the second letter, or ascertaining its legal implications in terms of subject matter jurisdiction, Plaintiff filed a virtually identical "Notice of Dismissal Without Prejudice" on December 18, 2025. (ECF 13-1, Sterling Decl., ¶ 16; *Clendenen II*, ECF 8.)

***Clendenen III*** – Plaintiff filed Case No. 2:25-cv-3655-JDP (*"Clendenen III"*) on December 18, 2025. The United States and RRM-CLM Services, LLC d/b/a Vista Recreation filed motions to dismiss on February 23 and 25, respectively, asserting *res judicata* under the two-dismissal rule. *Clendenen III*, ECF 12, 15.

### B. Plaintiff's Improperly Filed *Ex Parte* Application on Same Grounds

On March 3, 2026, as an end-run around Defendant's *Clendenen III* motions to dismiss, Plaintiff filed her *Ex Parte* Application for an Order to Reopen Case Pursuant to Rule 60(b) and for an Order of Dismissal Without Prejudice Pursuant to Rule 41(a)(2) (the "*Ex Parte*"). (*See* ECF 10, 10-1.)

The *Ex Parte* was rife with factual and procedural errors. Neither Rule 60(b) nor this Court's local rules countenance the reopening of a case on an *ex* parte basis or contemplate ruling on dispositive legal issues without notice and an opportunity to be heard from both sides. The *Ex Parte* also was facially improper, as Local Rules only permit ex parte applications in four narrow contexts:

(1) extending time where a stipulation cannot be obtained; (2) shortening time to respond; (3) temporary restraining orders; and (4) default judgment. E.D. Cal. L.R. 540, 144(c), 144(e), 231(c)(8), 540. Even more disturbingly, the Sterling Declaration falsely claimed that Plaintiff's counsel had attempted to meet and confer prior to filing the *Ex Parte* – which it had not – but they "could not obtain a stipulation from [Defendants] despite its good faith efforts to confer with opposing defense counsel on the issue." (ECF 10 at 2:19-21 (Motion); 10-1, Sterling Decl., ¶ 6.) In fact, despite the meet and confer requirements of Local Rule 233(a)(5), Plaintiff's counsel never spoke with either defense counsel prior to filing the *Ex Parte*, let alone requested a stipulation. (*See generally* ECF 11-1, Butland Decl. ¶ 3; ECF 11-2, Taggart Decl. ¶ 6. And in a seemingly continuing attempt to keep Defendants in the dark about the ongoing procedural machinations,

Plaintiff never served the *Ex Parte* upon defendants. Defendants only learned of the *Ex Parte* when it was attached as an exhibit to Plaintiff's Opposition to the Motions to Dismiss in *Clendenen III* – six days after it was filed. (Butland Decl., ¶ 4.)

**C. Plaintiff's Instant Rule 60(b) Motion.**

On Friday, March 20, 2026, at 10:54pm, Plaintiff's counsel emailed Defendants' counsel stating that they intended to file a Rule 60(b) motion and an application to shorten time to hear that motion "first thing Monday." They demanded a response by 5:00pm on Sunday, March 22. *See* ECF 15-1.

Defendants were able to respond Sunday in the early evening. They did not stipulate to the requested Rule 60(b) relief for the reasons previously stated in their opposition to Plaintiff's improper *Ex Parte*. *See* ECF 11. But they consented to a briefing schedule that would allow them one week to file an opposition, with Plaintiff getting three days for a reply. ECF 15 at 2-3 ECF 15-1. Plaintiff filed the Rule 60(b) Motion on March 23, 2026, and an *ex parte* application to shorten the briefing time. ECF 15.

## III. <u>ARGUMENT</u>

### A. Having Voluntarily Dismissed *Clendenen I* and *II*, Plaintiff Cannot Avoid the Operation of Federal Rule of Civil Procedure 41(a)(1)(A) by Circumventing the Court in *Clendenen III*

The Ninth Circuit is explicit that when a voluntary dismissal is filed under Federal Rule of

Civil procedure 41(a)(1) – whether the first or the second – the case is automatically dismissed upon filing as if it had never been filed in the first place. *Commercial Space Mgmt, Inc. v. Boeing Co., Inc.,* 193 F.3d 1074, 1076 (9th Cir. 1999) ("[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal.") As Judge Rymer further explained *Commercial Space v. Boeing*, "whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." *Id.*

Plaintiff attempts to short-circuit this long-standing rule by asking *this* Court—not the *Clendenen III* Court—to adjudicate the implications of Plaintiff's second dismissal. Aside from the doctrinal impropriety of such a maneuver under Ninth Circuit precedent, entertaining Plaintiff's Motion would raise a problematic specter of forum shopping that this Court should avoid. *Compare SV v. Kratz*, No. 12-C-705, 2012 WL 3070979, at *3 (E.D. Wis. July 26, 2012) (granting motion to consolidate cases to "avoid the possible appearance of forum shopping"); *Sims v. Time Warner Cable, Inc.*, No. 5:17-cv-947, 2017 WL 3047932, at *3 (N.D. Ohio July 19, 2017) ("The Court is particularly troubled by the appearance of both forum-shopping and an intent to avoid earlier rulings by another court.").

The question of the preclusive impact of Plaintiff's Rule 41(a)(1) dismissal in this case should be entirely a matter for *Clendenen III*, not here. Deciding that question in this case would procedurally ensnare this Court in a "trojan horse" Motion that was meant to compete with another motion in *Clendenen III*, which the Ninth Circuit said should decide the matter. Plaintiff's countless procedural failures in connection with their now-withdrawn *Ex Parte* on the very same issue are strong indicia that this entire Motion is part of an effort to convince one judge to casually "undo" the effect of their own procedural carelessness, while seeking to avoid the more deliberate, fully briefed evaluation of the preclusive consequences of the second dismissal in *Clendenen III*.

**B. Rule 60(b) Has No Application to the Two-Dismissal Rule Under These Facts.**

Plaintiff first argues that Rule 60(b)(1) relief is justified because of a "mistaken belief" that the second Rule 41(a)(1) dismissal would not preclude a third suit. (ECF 13 at 5.) But Plaintiff's



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

second Rule 41(a)(1) dismissal does not involve mistake or excusable neglect. "Rather, this is a situation where plaintiff's counsel neglected to recognize the consequences of the second voluntary dismissal." *Melo v. Zumper, Inc.*, No. 20-cv-714, 2020 WL 1891796, at *2 (N.D. Cal. Apr. 16, 2020) (denying Rule 60(b)(1) relief from two-dismissal rule); *Perrine v. United States*, No. 15-cv-2807, 2016 WL 9488701, at *4 (S.D. Cal. Mar. 14, 2016) (denying Rule 60(b)(1) relief from two-dismissal rule because plaintiffs' counsel "were simply ignorant of the consequence of that filing and now regret it"). Plaintiff "deliberately chose to voluntarily dismiss [the second] action under Rule 41(a)(1) as part of a strategic litigation decision. . . . Whether or not Plaintiffs or counsel were aware that their decision to dismiss th[e] action invoked the two-dismissal rule, [the Court] cannot relieve Plaintiff[] from their affirmative decision to dismiss this action." *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition*, LLC, No. CV-12-3740, 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013).

Simply put, "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). "To allow relief from the two dismissal rule under Rule 60(b) would effectively render the rule meaningless because any plaintiff seeking to avoid the implications of the rule presumably did not intend for their second voluntary dismissal to be on the merits." *Perrine*, 2016 WL 9488701, at *2.

Plaintiff also invokes Rule 60(b)(6), which may relieve a party from a final judgment for "any other reason that justifies relief." (ECF 13 at 7-8.) "Judgments are not often set aside under Rule60(b)(6)." *Latshaw*, 452 F.3d at 1103. "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). But here, "Plaintiff has not demonstrated circumstances beyond [her] control, nor can [she]. Plaintiff's choice to file a voluntary dismissal was entirely within [her] (or [her] counsel's) control." *Melo*, 2020 WL 1891796, at *5. "Plaintiff[] counsel's failure to read the very rule of civil procedure that he cited in both prior dismissals is not the sort of mistake or inadvertence Rule 60(b) is intended to

remedy." *Perrine*, 2016 WL 9488701, at *3; *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6).").

Plaintiff further asserts that the USDA has engaged in "extrinsic fraud" in mailing a second denial letter, and thus she asserts relief under Rule 60(b)(3). ECF 13 at 7. To prevail, she must (1) show by clear and convincing evidence that the result "was obtained through fraud, misrepresentation, or other misconduct"; and (2) prove that "the conduct complained of prevented the losing party from fully and fairly presenting [her] case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir. 1990).

Plaintiff flunks both prongs. Notably absent from her serious allegations of alleged "extrinsic fraud," "gamesmanship," and efforts "to improperly obstruct justice" by the USDA is any supporting evidence. Indeed, Plaintiff has only argued that Rule 60(b)(3) "*may* potentially be implicated." (ECF 13 at 7 (emphasis added).) More importantly, even if Plaintiff could find such evidence, the USDA's second letter did not cause the two-dismissal rule to apply or prevent Plaintiff from pursuing her claim in *Clendenen III*. Rather, the two-dismissal rule applies because Plaintiff reflexively responded to the second letter with a Rule 41(a)(1) dismissal, without considering its implications or whether there were other options.

In fact, Plaintiff had at least two options that would have avoided the two-dismissal rule:

1. She could have voluntarily dismissed only the United States from *Clendenen I*, proceeded against Vista Recreation, and amended her Complaint to add the United States after receiving a denial letter from the USDA. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

2. She could have moved to dismiss *Clendenen II* under Rule 41(a)(2). Had Plaintiff taken this approach, the United States could have opposed the motion because the Court had jurisdiction. Even if the Court granted the motion, the two-dismissal rule would not apply to *Clendenen III*.

In short, "[t]he Federal Rules of Civil Procedure are not a 'machination' . . . to trap the unwary. They are the rules that govern the procedure in all civil actions and proceedings. . . . Counsel is expected to know the rules. . . . There is nothing absurd about enforcing the rule as it clearly and unambiguously provides." Perrine, 2016 WL 9488701, at *3.

**C. Plaintiff Has Conceded The Legal Debate By Failing to Cite to Authority**

Finally, in repackaging their fatally flawed and procedurally deficient *Ex Parte* as this Motion, Plaintiff has made no effort to address or distinguish the constellation of relevant authorities cited by Defendants. Plaintiff's failure to even join the discourse represents a concession that Rule 60(b) does not apply to the specific facts of this case. Defendants have cited several cases directly addressing the 60(b)/two dismissal rule issue currently before this Court. This Court should follow their well-reasoned analysis.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) Motion should be denied.

DATED: March 30, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Matthew D. Taggart*
MATTHEW D. TAGGART
Attorneys for Defendant RRM-CLM SERVICES, LLC d/b/a VISTA RECREATION

ERIC GRANT
United States Attorney

By: */s/ Brodie M. Butland*
BRODIE M. BUTLAND
Assistant United States Attorney
Attorney for Defendant United States of America