Daniel M. O'Leary, Esq. (CA SBN: 175128)
Law Office of Daniel M. O'Leary
2300 Westwood Blvd., Suite 105
Los Angeles, CA 90064
Tel.: (310) 481-2020
Email: dan@danolearylaw.com

Justin Sterling, Esq. (SBN: 290642)
The Sterling Firm, APLC
8605 Santa Monica Boulevard, #96543
Los Angeles, CA 90069
Tel.: (310) 498-2750
Fax: (310) 362-8608
Email: justin@thesterlingfirm.com

*Attorneys for Plaintiff Brooke Clendenen*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BROOKE CLENDENEN, an individual,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; VISTA RECREATION, a business entity;<br>Defendants. | CASE NO.: 2:25-cv-03109-DC-CSK<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OMNIBUS OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO REOPEN CASE PURSUANT TO RULE 60(b) AND MOTION FOR ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)<br><br>DATE: Friday, May 1, 2026<br>TIME: 1:30 PM<br>LOCATION: Courtroom 10, 13th floor<br>Robert T. Matsui U.S. Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

## I. RULE 60(b) AUTHORIZES THIS COURT TO REOPEN THE CASE TO CORRECT THE PROCEDURAL RECORD

Defendants ask this Court to deny Rule 60(b) relief based on rhetoric about "forum shopping," while sidestepping the main point: the United States Supreme Court has confirmed that a voluntary dismissal is a "final proceeding" from which a district court may grant relief under Rule 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305 (2025). Plaintiff is not asking this Court to adjudicate the preclusive impact of the two-dismissal rule in the later-filed action. Plaintiff asks this Court to do what Rule 60(b) authorizes and what only this Court can do: correct the procedural record in this case by vacating the current dismissal and re-entering dismissal by court order under Rule 41(a)(2), consistent with Plaintiff's expressed intent that the dismissal be without prejudice. See Notice of Dismissal Without Prejudice ECF No. 8.

Defendants' opposition is built on (a) a mis-framing of the relief (as if Plaintiff seeks this Court to decide the pending motions in the later case) and (b) cases holding that Rule 60(b) does not exist to rescue ordinary regret about litigation decisions. But Plaintiff's "mistake" is not a regret. It is a procedural mistake made in response to confusing, agency-issued "final denial" correspondence during the Federal Tort Claims Act (FTCA) administrative exhaustion period, leading Plaintiff to choose the wrong mechanism to avoid a jurisdictional fight.

Simply put, Plaintiff is requesting relief pursuant to Rule 60(b)(1) for a procedural mistake with immediate correction - not a strategic litigation choice as Defendants mischaracterize the prior dismissal as a "deliberate strategy." The case was previously dismissed because the United States Department of Agriculture (USDA) issued a second "final denial" letter during the pendency of the FTCA case, creating genuine uncertainty about exhaustion/timing. The "mistake" was the procedural vehicle used to remove the case while preserving rights (a notice indicating that the Plaintiff was requesting dismissal without prejudice rather than seeking a court-ordered 41(a)(2) dismissal or partial dismissal by way of motion to the Court). This was not a calculated attempt to gain an advantage. To note, the subject "Notice of Dismissal Without Prejudice" only indicated that Plaintiff requests that the Court dismiss the matter without prejudice and it was being made to meet the FTCA timing and exhaustion

requirement issues created by the Government's "administrative error" of sending a successive "final denial" letter, all of which further supports the Plaintiff's procedural mistake. The Notice sought dismissal "without prejudice" and it clearly did not intend Rule 41(a)(1)(B)'s two-dismissal consequence, as evidenced by the fact that it was stated in the allegations of the relevant Complaints that the intent was to preserve the Court's jurisdiction and protect Plaintiff's rights. The mistaken Notice requested dismissal without prejudice. The Court's controlling minute order dismissed the case pursuant to Rule 41(a)(1)(A)(i). Plaintiff now seeks Rule 60(b) relief to correct the procedural mechanism and permit dismissal without prejudice by court order under Rule 41(a)(2).

The current requested relief pursuant to Rule 60(b) is narrow, equitable, and causes no unfair prejudice: Defendants had not answered in the dismissed actions, and no merits litigation occurred. Plaintiff is acting promptly and in good faith to avoid jurisdictional litigation and preserve rights; the subsequent two-dismissal consequence was unintended and arose from choosing the wrong mechanism under time pressure created by the agency's second "final denial" letter. To note, Plaintiff is acting promptly by filing the subject motion for relief within one year and as soon as the mistake was brought to the attention of the Plaintiff.

For those reasons, the motion should be granted under Rule 60(b)(1), or, alternatively, Rule 60(b)(6).

## II. RULE 60(b) PERMITS CORRECTION OF A PROCEDURAL MISTAKE

### A. The second dismissal was expressly "without prejudice," but Defendants now seek to convert it into a merits adjudication through Rule 41(a)(1)(B).

The Court dismissed this case on December 18, 2025, pursuant to Plaintiff's "Notice of Dismissal Without Prejudice." Defendants contend that because Plaintiff previously dismissed two actions by Rule 41(a)(1) notice, Rule 41(a)(1)(B) converts the second dismissal into an adjudication on the merits. Plaintiff seeks Rule 60(b) relief because the second dismissal occurred in this case and resulted from a procedural mechanism error that Rule 60(b) exists to correct.

///

**B. Plaintiff seeks Rule 60(b) relief in the only place it can be sought: the case in which the dismissal occurred.**

Defendants argue the later-filed action with Case No. 2:25-cv-03655-JDP ("*Clendenen III*") should decide preclusion, not this Court. Plaintiff agrees *Clendenen III* will decide the effect of any orders in that case; however, only this Court can grant Rule 60(b) relief from the dismissal proceeding entered in this case. *Waetzig*, 604 U.S. 305.

Plaintiff is not requesting the Court to decide claim preclusion in *Clendenen III*. Rather, Plaintiff is asking this Court to decide a question in *its own closed case*: whether the December 18, 2025, notice dismissal should be vacated under Rule 60(b) and replaced (upon reopening) with a Rule 41(a)(2) court-ordered dismissal without prejudice. This is standard "relief from proceeding/judgment" within the same case. In fact, Defendants' own posture implicitly recognizes this is the only way to remove the two-dismissal predicate.

Moreover, Defendants rely on the argument that Plaintiff had "at least two options" and "chose poorly." Defendants then reference that Plaintiff dismissed the case pursuant to a Rule 41(a)(1) notice of dismissal. Plaintiff's mistaken "Notice of Dismissal Without Prejudice" was filed due to the USDA's "final denial" letter sent in "error", and does not refer to the Rule, and states: "Plaintiff Brooke Clendenen, by and through her counsel of record, hereby requests that the Court dismiss the above-entitled matter without prejudice." This is supportive of the procedural mistake. Thereafter, a minute order was entered which indicated that the matter was being dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff concedes Rule 41(a)(2) would have been the cleaner vehicle. The purpose of this motion is to correct the procedural mechanism so the record reflects a proper court-ordered dismissal without prejudice.

This is precisely why Rule 60(b) relief is appropriate – to correct the procedural mechanism and align the record with the purpose of the intended non-prejudicial dismissal. Plaintiff's intent is clear on the record that it was always non-preclusive. The purpose of the subject motion is to correct the procedural mechanism to match the intent.

///

///

## III. DEFENDANTS' AUTHORITIES DO NOT BAR RULE 60(b) RELIEF IN THIS POSTURE

### A. This Court has authority to reopen a voluntarily dismissed case under Rule 60(b); *Commercial Space* does not bar Rule 60(b) relief pursuant to the United State Supreme Court's ruling in *Waetzig*.

Defendants rely on *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999) to argue that once a Rule 41(a)(1) notice is filed, the district court "loses jurisdiction" and cannot act pursuant to a Rule 59(e) motion to alter or amend the judgment. *Commercial Space* addressed what a court may do at the moment a notice dismissal becomes effective (i.e., the court cannot impose conditions on an already-effective notice dismissal). That is not the relief sought here. Plaintiff is not asking the Court to impose or alter terms on an already-effective dismissal. Rather, Plaintiff seeks Rule 60(b) relief from the dismissal proceeding itself - relief that the United States Supreme Court has confirmed is available for voluntary dismissals because they constitute a "final proceeding" for Rule 60(b) purposes. *Waetzig*, 604 U.S. 305.

Thus, *Commercial Space* does not deprive this Court of the power to grant Rule 60(b) relief. It simply means that the vehicle for relief is Rule 60(b), not a post-hoc attempt to "condition" a notice dismissal without reopening. Plaintiff is not asking the Court to "set conditions" on an effective dismissal; Plaintiff is asking the Court to reopen the matter and correct a procedural mistake under Rule 60(b), which is exactly what *Waetzig* makes possible.

Plaintiff is proceeding in the correct posture: Rule 60(b) reopening first, followed by entry of a court-ordered dismissal under Rule 41(a)(2). Plaintiff is not asking the Court to impose conditions on a dismissal while it is effective; rather, Plaintiff is asking the Court to correct the record by vacating the dismissal that was entered pursuant to a procedural mistake under Rule 60(b) and then enter a new Court ordered dismissal without prejudice. Upon reopening, Plaintiff requests dismissal by court order under Rule 41(a)(2).

Essentially, there will be no change in position of the parties. No merits litigation occurred in this closed case; no discovery; no trial date. Correcting the record will result in the case still being dismissed and no prejudice to either party in this case which was the true

intention behind initiating the dismissal.

Defendants will suffer no legal prejudice from reopening solely to enter a Rule 41(a)(2) dismissal without prejudice. No answers were filed, no discovery occurred, and there were no merits rulings in the dismissed actions. Defendants' only claimed "prejudice" is loss of a technical defense, not any impairment of their ability to defend on the merits.

**B. Plaintiff is not asking this Court to decide *Clendenen III* or "short-circuit" another judge; Plaintiff seeks a narrow record correction in this case.**

Defendants assert this motion is a "trojan horse" meant to compete with the later-filed action. That framing is incorrect. Plaintiff does not ask this Court to rule on the merits of Defendants' motions in *Clendenen III* or to decide res judicata in that case. Plaintiff seeks relief from a final proceeding in this case (the dismissal), which only this Court can grant. *Waetzig*, 604 U.S. 305. Any effect of this Court's order in *Clendenen III* remains for the presiding judge there.

Simply put, the subject motion does not ask this Court to decide the preclusive effect of the two-dismissal rule in Case No. 2:25-cv-03655-JDP. Plaintiff seeks relief in the only place it can be granted: the case in which the predicate dismissal occurred. Any subsequent effect of an order entered here will be addressed by the JDP Court in the pending action.

**C. Rule 60(b)(1) relief is warranted because the mistake was procedural and arose from genuine jurisdictional uncertainty - not mere "regret" about a litigation strategy choice.**

**1. The mistake is the procedural mechanism (Rule 41(a)(1) notice) selected under time pressure created by conflicting "final denial" correspondence - not a strategic decision to abandon the merits.**

Plaintiff's Notice of Dismissal explicitly sought a request for dismissal from the court "without prejudice." Plaintiff did not seek a merits adjudication and did not seek to gain a tactical advantage over Defendants.

The record reflects that the dismissals were made to avoid jurisdictional disputes and preserve rights, including in response to the agency "final denial" letters.

Defendants argue Rule 60(b)(1) does not apply because counsel "failed to read" Rule 41(a)(1)(B), relying on *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006); and district cases such as *Melo v. Zumper, Inc.*, No. 20-cv-00714, 2020 WL 1891796, at *2, *5 (N.D. Cal. Apr. 16, 2020); and *Perrine v. United States*, No. 15-cv-02807, 2016 WL 9488701, at *2–4 (S.D. Cal. Mar. 14, 2016). However, those cases involved garden-variety regret about litigation choices. Here, this case is distinguishable in that the dismissal mechanism was selected in response to USDA government agency's confusing successive "final denial" correspondence that were sent "in what appears to be an administrative error" and therefore resulting in a genuine uncertainty about the FTCA exhaustion and timing. See Sterling Decl. describing the successive "final" denial letters and the resulting jurisdiction concern. Under time pressure created by the Government's second "final denial" letter, Plaintiff mistakenly used the dismissal by notice mechanism when the appropriate vehicle was to seek a court-ordered dismissal under 41(a)(2).

**2. Equities favor relief: no reliance interests, no merits litigation, and denial would impose a case-dispositive forfeiture unrelated to the merits.**

No answers were filed in the dismissed action. No attorneys appeared in this dismissed case at the time. This Court's own issued minute order stated that it was dismissing the case "without prejudice." Defendants identify no concrete prejudice from reopening this closed case for the limited purpose of entering a court-ordered dismissal without prejudice for the sole purpose of correcting the procedural record. Defendants only claimed "prejudice" is loss of a technical, case-dispositive defense that arises from a procedural mistake rather than any merits adjudication. That is not the type of prejudice Rule 60(b) is meant to preserve when justice requires correction of the procedural record.

**D. Alternatively, Rule 60(b)(6) warrants narrowly tailored relief to prevent manifest injustice under unusual circumstances.**

Even if the Court concludes Rule 60(b)(1) is not satisfied, the circumstances here are extraordinary: Plaintiff faces complete forfeiture of personal injury claims without any merits determination based on an agency-driven, confusing procedural posture and the harshness of the two-dismissal rule. Defendants cite the general rule that 60(b)(6) is used sparingly. But the

combination of (i) successive agency "final denial" letters, (ii) the FTCA's jurisdictional exhaustion requirements, and (iii) the prejudicial consequence of a merits adjudication through Rule 41(a)(1)(B) presents the kind of "extraordinary circumstances" for which 60(b)(6) exists.

**E. Upon reopening, dismissal under Rule 41(a)(2) without prejudice is appropriate and equitable.**

If the dismissal is vacated and the case reopened, Plaintiff requests dismissal by court order under Rule 41(a)(2). Here, Defendants had not answered, no merits proceedings occurred, no discovery was served, and the requested dismissal simply aligns the Court's record with Plaintiff's express intent of "without prejudice."

**F. Defendants' procedural attacks about the prior ex parte filing do not defeat the merits and have been cured.**

Defendants devote substantial argument to the earlier ex parte application, including assertions about lack of notice/meet-and-confer. Plaintiff withdrew the prior ex parte filing and proceeded by noticed motion. This Court is now presented with a regularly noticed, fully briefed motion set for hearing on May 1, 2026, or at a date for which this Court may deem convenient. Those earlier procedural disputes do not supply a legal basis to deny Rule 60(b) relief where the substantive standards are met. Plaintiff withdrew the earlier filing and is now proceeding by noticed motion with documented meet-and-confer and Defendants' positions. Above all, there is no prejudice to the Defendants: Plaintiff is not adding claims, not changing allegations, not seeking tactical advantage – Plaintiff is only seeking a corrected dismissal order.

///

///

///

///

///

///

///

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(1) grant relief under Rule 60(b)(1), or alternatively Rule 60(b)(6);

(2) vacate the December 18, 2025, notice dismissal;

(3) reopen this case for the limited purpose of entering an order of dismissal without prejudice pursuant to Rule 41(a)(2); and/or

(4) grant such other and further relief as the Court deems just and proper.

DATED: March 31, 2026

THE STERLING FIRM, APLC

Justin Sterling

By: ______________________________
Justin Sterling, Esq.
Attorneys for Plaintiff Brooke Clendenen