Daniel M. O'Leary, Esq. (CA SBN: 175128)
Law Office of Daniel M. O'Leary
2300 Westwood Blvd., Suite 105
Los Angeles, CA 90064
Tel.: (310) 481-2020
Email: dan@danolearylaw.com

Justin Sterling, Esq. (SBN: 290642)
The Sterling Firm, APLC
8605 Santa Monica Boulevard, #96543
Los Angeles, CA 90069
Tel.: (310) 498-2750
Fax: (310) 362-8608
Email: justin@thesterlingfirm.com

*Attorneys for Plaintiff Brooke Clendenen*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BROOKE CLENDENEN, an individual,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; VISTA RECREATION, a business entity;<br>Defendants. | CASE NO.: 2:25-cv-03109-DC-CSK<br><br>SUPPLEMENTAL DECLARATION OF JUSTIN STERLING, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO REOPEN CASE PURSUANT TO RULE 60(b) AND MOTION FOR ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)<br><br>DATE: Friday, May 1, 2026<br>TIME: 1:30 PM<br>LOCATION: Courtroom 10, 13th floor<br>Robert T. Matsui U.S. Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

I, Justin Sterling, Esq., declare as follows:

1. I am an attorney duly licensed to practice before this Court and all courts in the State of California, and I am counsel of record for Plaintiff Brooke Clendenen in this matter. I have personal knowledge of the facts stated herein and could competently testify to them.

2. I submit this supplemental declaration to clarify Plaintiff's purpose in seeking Rule 60(b) relief and to address issues raised in Defendants' opposition regarding the earlier ex parte filing.

3. Plaintiff seeks Rule 60(b) relief in this case solely to request that the Court vacate the December 18, 2025, notice dismissal and reopen this matter for the limited purpose of entering a court-ordered dismissal without prejudice pursuant to Rule 41(a)(2). Plaintiff does not request that this Court decide the res judicata effect of the two-dismissal rule in Case No. 2:25-cv-03655-JDP. Any effect of this Court's ruling on proceedings in that case will be addressed by the Court presiding over that action.

4. In my prior affidavit filed in support of the motion (ECF No. 13-1), I used phrasing suggesting that a Rule 41(a)(2) dismissal in this case would render Defendants' motions in Case No. 2:25-cv-03655-JDP "moot." I did not intend to suggest that this Court should adjudicate or direct the outcome of motions in the JDP action. I intended only to convey that Plaintiff seeks a corrected dismissal order in this case so the parties may accurately inform the JDP Court of this Court's ruling before the JDP Court issues its decision on the pending motions. This Court's order will clarify the procedural posture and allow the parties to inform the JDP Court; the JDP Court will decide what weight to give it.

5. With respect to the earlier ex parte filing (ECF No. 10), Defendants contend Plaintiff's counsel did not contact defense counsel before filing and that the filing was not served. I have withdrawn that filing and proceeded by noticed motion. Since then, I have engaged in meet-and-confer communications with Defendants' counsel regarding the requested Rule 60(b)/Rule 41(a)(2) relief and scheduling.

6. Plaintiff's intent in filing the December 18, 2025, notice of dismissal in this case was to dismiss without prejudice and preserve Plaintiff's rights in light of the Federal Tort Claims

Act exhaustion and timing issues created by the successive agency "final denial" letters referenced in my prior affidavit. Plaintiff did not intend a merits adjudication of her claims.

7. Plaintiff seeks reopening solely for the narrow and limited purpose of entering a court-ordered dismissal without prejudice under Rule 41(a)(2).

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 31, 2026

THE STERLING FIRM, APLC

Justin Sterling

By: ____________________________
Justin Sterling, Esq.
Attorneys for Plaintiff Brooke Clendenen