UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BROOKE CLENDENEN,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 2:25-cv-03109-DC-CSK

ORDER DENYING MOTION TO REOPEN CASE AND VACATE VOLUNTARY DISMISSAL

(Doc. No. 13)

This matter is before the court on Plaintiff's motion to reopen this case pursuant to Federal Rule of Civil Procedure 60(b) and request for the court to vacate its December 19, 2025 order dismissing this case pursuant to Plaintiff's notice of voluntary dismissal and instead issue an order of dismissal of this case without prejudice pursuant to Rule 41(a)(2). (Doc. No. 13.) Defendants filed an opposition to the pending motion on March 30, 2026, and Plaintiff filed a reply thereto on March 31, 2026. (Doc. Nos. 18, 19.) For the reasons explained below, Plaintiff's motion will be denied, and this case will remain closed.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for

1

reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

Here, Plaintiff filed the complaint initiating this case on October 27, 2025, and less than two months later, on December 18, 2025, Plaintiff filed a notice of voluntary dismissal of this action without prejudice. (Doc. No. 8.) Pursuant to that notice, the next day, the court dismissed this action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 9.) That rule provides for voluntary dismissal by the plaintiff without a court order where the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because Defendants in this case had neither answered nor served a motion for summary judgment, Rule 41(a)(1)(A)(i) provided the basis for Plaintiff's voluntary dismissal.

This is not the first time that Plaintiff invoked Rule 41(a)(1)(A)(i) to dismiss the claims brought in this case. As reflected in Plaintiff's "notice of refiling" that Plaintiff filed concurrently with the complaint in this case, Plaintiff previously filed a case asserting the same claims against Defendants in *Clendenen v. USA, et al.*, Case No. 2:25-cv-02971-DAD-CSK ("*Clenenden I*"). (Doc. No. 1-1 at 1.) The docket in that case reflects that Plaintiff filed the complaint on October 13, 2025, and filed a notice of voluntary dismissal two weeks later on October 27, 2025. (*See Clenenden I*, Doc. Nos. 1, 7.) Indeed, the notice of voluntary dismissal filed in *Clenenden I* is identical to the notice of voluntary dismissal filed in this case, *Clendenen v. USA, et al.*, 2:25-cv-03109-DC-CSK ("*Clenenden II*"), and there too, the court dismissed the action and closed the case pursuant to Plaintiff's notice of dismissal and Rule 41(a)(1)(A)(i). (*See Clenenden I*, Doc. No. 8.)

On December 18, 2025, the same day that Plaintiff filed the notice of voluntary dismissal in this case, *Clenenden II*, Plaintiff filed a complaint asserting the same claims against Defendants

in a new case: *Clendenen v. USA, et al.*, 2:25-cv-03655-JDP ("*Clenenden III*").[1] On February 23, 2026 and February 25, 2026, the defendants in *Clenenden III* filed motions to dismiss that case on the ground that res judicata barred Plaintiff's third action because her voluntary dismissal of *Clenenden II*—a previous voluntary dismissal of an action asserting the same claims—operated as an adjudication on the merits by operation of law. (*Clenenden III*, Doc. Nos. 12, 15.) Specifically, with regard to notices filed under Federal Rule of Civil Procedure 41(a)(1)(A), Rule 41(a)(1)(B) states, "[u]nless the notice [] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This provision is referred to as the "two dismissal rule." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (describing the "two dismissal rule" and explaining that a voluntary dismissal under Rule 41(a)(1) "is presumed to be 'without prejudice' unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims").

On March 23, 2026, Plaintiff filed the pending motion to reopen this case, *Clenenden II*, for the purpose of vacating the order of dismissal entered pursuant to Plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)(i) and issue instead an order of dismissal without prejudice pursuant to Rule 41(a)(2), "so that Defendants' pending dispositive motions in [*Clenenden III*] shall be considered moot and so that justice is served and an injustice is avoided."[2] (Doc. No. 13 at 2.) Plaintiff's counsel asserts that there was a mistaken understanding as to the effect of the notice of dismissal, for which counsel was under the mistaken impression would lead to a dismissal without prejudice, especially because both notices of dismissal were

---

[1] Plaintiff's counsel explains that three separate actions were filed because Plaintiff asserts a federal tort claim against Defendant United States, and there was confusion regarding when the administrative federal tort claim process was exhausted such that the court would have jurisdiction over that claim. (Doc. No. 13 at 5–6.)

[2] The court notes that on July 1, 2026, the court in *Clenenden III* issued an order granting the defendants' motions to dismiss based on application of the "two dismissal rule." (*Clenenden III*, Doc. No. 34.)

labeled "without prejudice." (*Id.*) However, Plaintiff's counsel's misunderstandings and mistaken impressions are not a basis upon which the court can grant relief under Rule 60(b) and avoid the consequences of the voluntary dismissals under Rule 41. The "two dismissal rule" applies even if the second notice of voluntary dismissal is labeled as a dismissal without prejudice. *Id.* ("Rule 41 itself prescribes the effect of Rule 41(a)(1) dismissals."). Indeed, the Ninth Circuit has made clear that "once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal," even if the plaintiff thereafter files a motion to alter or amend the judgment under Rule 59(e). *Id.* Courts likewise deny motions brought under Rule 60(b) seeking relief from voluntary dismissals "to avoid the preclusive effect of a second voluntary dismissal under Rule 41(a)(1)." *Melo v. Zumper, Inc.*, No. 20-cv-00714-PJH, 2020 WL 1891796, at *2, *5 (N.D. Cal. Apr. 16, 2020) ("[P]laintiff and his counsel chose to file two prior dismissals citing Rule 41. This same rule states that two voluntary dismissals would act as an adjudication on the merits. Counsel are expected to know and abide by the Federal Rules of Civil Procedure and Rule 60 is not intended to relieve a party of ignorance of the law barring extenuating circumstances not present here."); *Perrine v. United States*, No. 15-cv-2807-CAB-WVG, 2016 WL 9488701, at *2 (S.D. Cal. Mar. 14, 2016) (denying Rule 60(b) motion and rejecting counsel's assertion that "he was unaware of the two dismissal rule when he filed the Second Dismissal, and that as a result, the prejudicial effect of the Second Dismissal was the result of mistake, inadvertence, surprise, or excusable neglect, allowing relief under Rule 60(b)(1) or (6)").

For these reasons, the court will deny Plaintiff's motion to reopen this case under Rule 60(b) in order to vacate Plaintiff's Rule 41(a)(1) voluntary dismissal of this action.

Accordingly,

1.    Plaintiff's motion to reopen this case (Doc. No. 13) is DENIED; and

/////

/////

/////

/////

4

2.     This case shall remain closed.


IT IS SO ORDERED.

Dated:    **July 2, 2026**

_____
Dena Coggins
United States District Judge

5